IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| DAWN MARIE BALL, | : | CIVIL NO. 1:CV-08-701 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| SCI-MUNCY, et al., | : | |
| Defendants | : | |

## MEMORANDUM

This civil rights action pursuant to 42 U.S.C. § 1983 was filed by Dawn Marie Ball, an inmate currently confined at the State Correctional Institution at Cambridge ("SCI-Cambridge"), Pennsylvania. While eighteen (18) Defendants were named in the complaint, only the Northampton County Sheriffs and Jennifer Eiswerth, an SCI-Muncy employee, remain in this action.[1] Ball seeks monetary damages for the violation of her First Amendment right of access to the courts. Presently pending are motions filed by Ball for the appointment of counsel (Doc. No. 42), for injunctive relief (Doc. No. 40), and for an order to allow her to interview and retrieve declarations (Doc. No. 51).[2] For the reasons that follow, Ball's motions will be denied.

I. **BACKGROUND**

Plaintiff's alleges that on January 22, 2008, the Northampton County Sheriffs came to SCI-Muncy to take her to a hearing in the Northampton County Court of Common Pleas. While

---

[1] According to Ball, Defendant Eiswerth is employed as a psychologist at SCI-Muncy.

[2] Also pending is a filing submitted by Ball entitled "Motion for Order to Show Cause." (Doc. No. 35.) In reviewing this document it is clear that the filing is not a motion, but rather a response filed by Ball to this Court's Order to Show Cause issued on January 29, 2009. (Doc. 30.) Accordingly, the Clerk of Court will be directed to make the appropriate correction to the docket. Also pending is Defendant Northampton Sheriffs' motion to dismiss the complaint. (Doc. No. 61.) The Court will address this motion in a separate Memorandum and Order.

she claims that she saw the sheriffs, as well as made inquiries to SCI-Muncy staff members regarding when she would be leaving with the sheriffs, the sheriffs ultimately left the prison without her. SCI-Muncy employees informed Plaintiff that all they knew was that the sheriffs received a phone call and had to leave, but would return at a later time for her.

Afterward, Plaintiff made an inquiry to Defendant Eiswerth about the matter. Eiswerth acknowledged that the Sheriffs had come for her, but informed her they would return for her the following day in an older vehicle because they had heard Plaintiff urinated outside of her door. Plaintiff claims that Eiswerth confirmed to the Sheriffs that she had engaged in this behavior. Eiswerth later told Plaintiff that it was a staff member, and not the Sheriffs, who told her they would return for Plaintiff the following day. Based on the foregoing, Plaintiff claims that Eiswerth obstructed her efforts to go with the Sheriffs on January 22, 2008.

Plaintiff thereafter wrote to various staff members about the matter, but they were without knowledge of what transpired. She claims that other Defendants gave her other excuses as to why the Sheriffs had left without her. Plaintiff also wrote to the "county court clerk twice, the judge once, [her] lawyer twice and the sheriffs' office twice" sometime at the end of February of 2008, when she was allowed a pen. She never received a response until March 17, 2008. On this date her attorney informed her that an appeal she had filed was heard in her absence on January 25, 2008, and was dismissed. Counsel informed Plaintiff that the Sheriffs testified under oath that Plaintiff refused to go with them and that she ". . . screamed protests and threatened the well being of the Sheriffs and ripped [her] uniform." (Id., at 3.) Plaintiff claims that this never occurred, and that she was prepared to go with the Sheriffs that day.

Plaintiff further alleges that in the January 28, 2008 letter written by her attorney, that she

2

did not receive until March 17, 2008, she was instructed to contact him if she wished to challenge the denial of her appeal. The appeal period, however, expired on February 25, 2008, prior to the time she claims to have received the letter. She also contends that she was not allowed pens or envelopes until the end of February. Based on the foregoing, Plaintiff seeks monetary damages for the violation of her rights under the First Amendment due to the obstruction of her access to the courts by Defendants.

On January 29, 2009, the Court granted a motion to dismiss the complaint filed by Defendant Freedberg. (Doc. No. 30.) In addition, a motion filed on behalf of the Corrections Defendants was granted in part and denied in part. The motion was granted to the extent that all claims set forth against Defendants SCI-Muncy, SCI-Muncy Records Department, Chamberlain, Torma, Shepler, Shaffer, Blessing, Pinard, Skiro, Bitler, Nichols, Gair, Wolford, George, Griner and Baver were dismissed. The motion was denied with respect to the access to the courts claim set forth against Defendant Eiswerth in her individual capacity. Eiswerth was directed to file a response to the complaint within twenty (20) days. Further, Plaintiff was directed to show cause why Defendant Northampton County Sheriffs should not be dismissed from this action on the basis of failure to prosecute.[3]

On February 5, 2009, Plaintiff filed an appeal from this Court's January 29, 2009 Memorandum and Order to the United States Court of Appeals for the Third Circuit. (Doc. No. 32.) During the pendency of the appeal Plaintiff filed the above-referenced motions with this

---

[3] Although the docket reflects that said Defendant returned a waiver of service on May 19, 2008, there was no indication any response to the complaint had ever been filed. Further, there was no indication that a Request for Default was ever filed by Plaintiff with respect to Defendant Northampton County Sheriffs.

3

Court, as well as numerous letters and other documents. In addition, Defendant Eiswerth filed an answer to the complaint on February 26, 2009 (Doc. No. 37).[4] On January 8, 2010, Defendant Northampton County Sheriffs filed a motion to dismiss the complaint (Doc. No. 61). A brief in support of the motion has also been filed (Doc. No. 62.) On February 3, 2010, Plaintiff filed her opposition to the motion (Doc. No. 63).

## II. DISCUSSION

### A. Motion for Appointment of Counsel

Plaintiff requests the appointment of counsel in this case. (Doc. No. 42.) In support of her moton, she claims that she is continually obstructed in her efforts to litigate this action by the employees at SCI-Muncy. She also claims that due to her indigence and confinement, she is unable to question witnesses and conduct necessary discovery without an attorney. She further claims that her confinement in segregation limits her ability to access the law library.

There is neither a constitutional nor a statutory right to counsel for civil litigants. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997); Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). Instead, 28 U.S.C. § 1915(e)(1) simply provides that "[t]he court may request an attorney to represent any person unable to employ counsel." Under § 1915(e)(1), a district court's appointment of counsel is discretionary and must be made on a case-by-case basis. Tabron, 6 F.3d at 157-58. In Parham, the United States Court of Appeals for the Third Circuit outlines the factors to be considered by courts when reviewing an application to appoint counsel pursuant to

---

[4] On May 8, 2009, Plaintiff submitted a "Reply" to the Answer filed by Defendant Eiswerth. The Clerk of Court will be directed to strike Plaintiff's filing from the record. Pursuant to Fed. R. Civ. P. 7(a), Plaintiff's reply is not a permissible pleading in that it was not ordered by the Court.

28 U.S.C. § 1915(e)(1). In passing on such requests, the Court must first:

> "[D]etermine [] that the plaintiff's claim has some merit, then [we] should consider the following factors: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; [and] (6) whether the plaintiff can attain and afford counsel on his own behalf."

Parham v. Johnson, 126 F.3d at 457.

In this case, the Court's analysis of the above factors leads to the conclusion that the appointment of counsel is not warranted at this time. First, Plaintiff requests counsel at a time when the Court is considering a motion to dismiss, which may directly address in a dispositive fashion the merits of the case. However, even assuming that Plaintiff's case has some merit, consideration of the remaining factors do not weigh in favor of the appointment of counsel at this time. Plaintiff is a tireless and active advocate on her own behalf. The docket in not only this case, but in her five (5) other cases presently pending before this Court, clearly reveal her ability to effectively present her case. It is evident that she has no difficulty preparing and filing motions and briefs, as well as filing opposition to motions submitted by the Defendants. While Plaintiff does face some obstacles due to her confinement, this case does not appear to present difficult and complex legal issues warranting the appointment of counsel. The investigation Plaintiff must do is minimal, as the pleadings demonstrate that she is fully aware of the bases for her claims in this action. While the case may, in part, turn on credibility determinations, it likely will not require extensive expert witness testimony. In addition, any concern Plaintiff had with respect to alleged interference by SCI-Muncy employees with her litigation efforts is now moot

in that Plaintiff has recently been transferred to the State Correctional Institution at Cambridge, Pennsylvania. In addition, while her access to the library may not be as frequent as she would like, Plaintiff does have some access. For these reasons, her request for the appointment of counsel will be denied, without prejudice, at this time. If future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon a motion properly filed by Plaintiff.

### B. Motion for Injunctive Relief

Also pending is Plaintiff's request for injunctive relief. In the motion, she seeks a transfer from SCI-Muncy to a different prison, as well as court orders directing SCI-Muncy staff members to stay away from her, return her property and provide her with medical services. Many of the SCI-Muncy staff members from whom she seeks relief are not named as defendants in this action, or involved in any way in the claims presented in the complaint. Plaintiff also sets forth many new claims against new individuals within the body of her motion with respect to incidents occurring well after the filing of the instant lawsuit. She alleges claims including an episode of excessive force, the confiscation of legal papers, the denial of medical treatment, mail interference and unsanitary living conditions. Clearly, these claims are not properly set forth in the context of a motion for preliminary injunctive relief in the pending action. In addition, other claims she sets forth in her motion have previously been litigated and dismissed by this Court.[5]

---

[5] For example, Plaintiff complains about being obstructed by SCI-Muncy employees from participating in a phone hearing with respect to a paternity suit she was litigating. She pursued this claim in Civil Action No. 09-844 filed on May 5, 2009. The complaint was ultimately dismissed, and the case closed on February 16, 2010. The Third Circuit Court of Appeals affirmed this Court's decision on October 7, 2010.

Inmate pro se pleadings which seek extraordinary or emergency relief, in the form of preliminary injunctions are governed by Rule 65 of the Federal Rules of Civil Procedure. As the United States Court of Appeals for the Third Circuit has explained: "Four factors govern a district court's decision whether to issue a preliminary inunction: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief, (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest." Gerardi v. Pelullo, 16 F.3d 1363, 1373 (3d Cir. 1994)(quoting SI Handling Systems, Inc. v. Heisley, 753 F.2d 1244, 1254 (3d Cir. 1985)); see also Highmark, Inc. v. UPMC Health Plan, Inc., 276 F.3d 160, 170-71 (3d Cir. 2001).

A preliminary injunction is not granted as a matter of right. Kershner v. Mazurkewicz, 670 F.2d 440, 443 (3d Cir. 1982)(affirming denial of prisoner motion for preliminary injunction seeking greater access to legal materials). It is an extraordinary remedy that places precise burdens on the moving party. As a threshold matter, it is a movant's burden to show that the preliminary injunction is the only way of protecting the plaintiff from harm. Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3d Cir. 1992). For an inmate to sustain his burden of proof under Fed. R. Civ. P. 65, she must demonstrate both a reasonable likelihood of success on the merits, and that she will be irreparably harmed if the requested relief is not granted. Abu-Jamal v. Price, 154 F.3d 128, 133 (3d Cir. 1998); Kershner, 670 F.2d at 443. If the movant fails to carry this burden on either of these elements, the motion should be denied. Hohe v. Casey, 868 F.3d 69, 72 (3d Cir. 1989).

Irreparable injury is established by showing that Plaintiff will suffer harm that "cannot be

7

redressed by a legal or an equitable remedy following trial." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989)("The preliminary injunction must be the only way of protecting the plaintiff from harm.") Further, immediate irreparable injury is more than merely serious or substantial harm. ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987). "The word irreparable connotes 'that which cannot be repaired, retrieved, put down again, atoned for ...'." Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir. 1994)(citations omitted). Additionally, "the claimed injury cannot merely be possible, speculative or remote." Dice v. Clinicorp, Inc., 887 F. Supp. 803, 809 (W.D. Pa. 1995). An injunction is not issued "simply to eliminate the possibility of a remote future injury ...." Acierno, 40 F.3d at 655 (citation omitted). Inmates are not entitled to use a motion for preliminary injunction as a vehicle to compel prison officials to provide them with specific relief and services pending completion of their lawsuits. See, e.g., Messner v. Bunner, No. 07-112E, 2009 WL 1406986, *5 (W.D. Pa. May 19, 2009); Emile v. SCI-Pittsburgh, No. 04-974, 2006 WL 2773261, *6 (W.D. Pa. Sept. 24, 2006).

Other considerations in assessing a motion for preliminary injunctive relief is the possible harm to other interested parties if the relief is granted, see Kershner, 670 F.2d at 443, and whether the issuance of relief would be adverse to the public interest. Dominion Video Satellite, Inc. v. Echostar Corp., 269 F.3d 1149, 1154 (10th Cir. 2001).

With these considerations in mind, the Court finds that Plaintiff has not made the requisite showing that would warrant this extraordinary form of relief. First, she has not demonstrated the threshold obligation of showing reasonable probability success on the merits. This matter is pending before the Court on a motion to dismiss whose merits have not yet been

addressed.

Furthermore, Plaintiff has not demonstrated immediate irreparable harm justifying a preliminary injunction. She requests a court order either directing her transfer from SCI-Muncy to another prison or directing SCI-Muncy employees to leave her alone, provide her with medical treatment and return her property. However, Plaintiff notified the Court on October 12, 2010, that she has been transferred to SCI-Cambridge. As such, it would appear that most of the relief requested is now moot. It is well established that the adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy regarding injunctive relief if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985)(citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)). A prisoner's transfer or release from prison moots his claims for injunctive or declaratory relief since he is no longer subject to the conditions he alleges are unconstitutional. Abdul-Akbar v. Watson, 4 F.3d 195, 206-07 (3d Cir. 1993); see also Weaver v. Wilcox, 650 F.2d 22, 27 (3d Cir. 1981)("a prisoner lacks standing to seek injunctive relief if he is no longer subject to the alleged conditions he attempts to challenge."). In addition, it is clear that damages would be an adequate remedy with respect to Plaintiff's allegations and, as such, irreparable harm has not been shown. Plaintiff's motion seems more of an attempt to seek resolution of issues pending in the underlying complaint where the evidence is still unclear and developing.

Finally, if preliminary injunctive relief were to be granted, the Court could effectively harm both the Defendants' and the public's interest. It is not within the Court's province to

make ad hoc and individual decisions concerning the treatment of a single inmate or to dictate the transfer or treatment for a plaintiff. For all of these reasons, the motion for preliminary injunctive relief will be denied.

### C. Motion to Allow Plaintiff to Interview and Retrieve Declarations

Also pending is Plaintiff's motion to order prison officials to allow her to interview and retrieve declarations from other inmates who allegedly witnesses the incidents alleged in the complaint. (Doc. No. 51.) In this motion Plaintiff also requests that the Court: (1) grant a continuance while she interviews the inmates; (2) direct prison officials to bring her to court to testify on her own behalf; and (3) deny Defendants' motions for summary judgment.

Without unnecessary elaboration, the Court will deny this motion, without prejudice, for the following reasons. First, the caption on the motion is for each of the cases Plaintiff has pending in this Court. Ball has been admonished in the past about her practice of filing a single motion with multiple captions. In the future, she is directed to submit separate motions in the individual cases with a single caption. Further, in reviewing the motion solely in the context of the instant case, it is subject to dismissal without prejudice. Any request for a continuance is or to be taken before the Court to testify is premature at this time. Defendant Northampton County Sheriffs have filed a motion to dismiss that is pending and that Plaintiff has opposed, and Defendant Eiswerth has filed an answer to the complaint. Discovery with respect to the Northampton County Sheriffs is premature at this stage in that the Court must first rule on their outstanding motion to dismiss. To the extent Plaintiff wishes to obtain declarations from other inmates with respect to her claims against Defendant Eiswerth, it appears she has accomplished this goal and there is no longer a need for intervention from this Court. Several weeks after

Plaintiff submitted her motion, she filed declarations in this action from inmates Amanda Petherbridge and Christina Ortiz.[6] (Doc. Nos. 56, 57.) For these reasons, the motion will be denied, without prejudice. An appropriate order follows.

---

[6] To the extent there are other declarations that Plaintiff seeks to obtain, she is free to file a motion requesting a court order allowing her to correspond with other inmates. In any such motion filed Plaintiff is advised that she must list the full names of the inmates she would like to obtain declarations from, as well as the names of the institutions where they are housed. The Court will then enter an order allowing her to correspond with those inmates for the limited purpose of obtaining declarations from them relating to this action.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAWN MARIE BALL, : CIVIL NO. 1:CV-08-701
    Plaintiff, :
 : (Chief Judge Kane)
    v. :
 :
SCI-MUNCY, et al., :
    Defendants :

# ORDER

**AND NOW**, this 27th day of October, 2010, for the reasons set forth in the accompanying Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Clerk of Court is directed to **strike from the record** and return to Plaintiff her Reply to Defendant Eiswerth's Answer to the Complaint. (Doc. No. 48.)

2. The Clerk of Court is directed to **correct the docket** to reflect that Plaintiff's filing of February 5, 2009 (Doc. No. 35) is a response to the Court's order of January 29, 2009, and not a motion seeking relief from this Court.

3. Plaintiff's motion for the appointment of counsel (Doc. 42) is **denied without prejudice**.

4. Plaintiff's motion for injunctive relief (Doc. No. 40) is **denied**.

5. Plaintiff's motion for order to allow her to interview and retrieve declarations (Doc. No. 51) is **denied without prejudice**.

          S/ Yvette Kane
          YVETTE KANE, Chief Judge
          Middle District of Pennsylvania