**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAWN MARIE BALL,** | : | **Civil No. 1:08-CV-701** |
| | : | |
| **Plaintiff,** | : | **(Chief Judge Kane)** |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **NORTHAMPTON COUNTY SHERIFF,** | : | |
| **et al.,** | : | |
| | : | |
| **Defendants.** | : | |

**REPORT AND RECOMMENDATION**

**I.    Statement of Facts and of the Case.**

This is a *pro se* civil rights action brought by Dawn Marie Ball, a state inmate

who is currently confined at the State Correctional Institution (SCI) Muncy. (Doc.1)

In her complaint, Ball initially named nineteen individual and institutional defendants.

As this litigation has progressed a number of defendants and claims initially

articulated by Ball have been dismissed from this action.  Thus, presently, only two

of the original nineteen defendants remain in this lawsuit.

One of these two defendants was an institutional defendant, the Northampton

County Sheriff's office. (Id.)  With respect to this institutional defendant, Ball's

claims, liberally construed, arose out of a January 2008 incident in which Ball alleged

that sheriff's office personnel failed to transport her to a hearing on a post-conviction

relief act petition which she had pending in state court.  According to Ball, after the

sheriff's office failed to transport her to this hearing, sheriff's personnel falsely claimed that she refused to travel to the hearing, which concluded unfavorably for Ball. (Id.)  The Northampton County Sheriff's office moved to dismiss this claim, citing numerous shortcoming in Ball's pleadings. (Doc. 61)  This motion was fully briefed by the parties, (Docs. 62 and 63), and on October 6, 2011, we recommended that the motion be granted. (Doc. 75)

Presented with this report and recommendation, Ball has now filed a motion to amend her complaint, which alleges that two individual deputies should be substituted for the sheriff's department as defendants in this case. (Doc. 87)  Ball makes this request three years and ten months after the events alleged in her complaint pertaining to these putative defendants; three years and seven months after filing her initial complaint, which named nineteen defendants but did not include these defendants; three years and three months after the 120-day time for service under Rule 4(m) drew to a close; and at least two years and eleven months after she claims to have identified these individual defendants in February of 2009.  Upon consideration of this motion, it is recommended that the motion be denied since the motion is untimely, the claims are time-barred and Ball fails to satisfy the requirements set forth in Rule 15(c) governing relation-back of amendments.

## II.   <u>Discussion</u>

Decisions regarding motions to amend pleadings rest in the sound discretion of the district court and will not be disturbed absent an abuse of that discretion. See e.g., Bjorgung v. Whitetail Resort, LP, 550 F.3d 263 (3d Cir. 2008); Cureton v. National Collegiate Athletic Ass'n., 252 F.3d 267 (3d Cir. 2001). That discretion, however, is governed by certain basic principles, principles that are embodied in Rule 15 of the Federal Rules of Civil Procedure. Rule 15(a) of the Federal Rules of Civil Procedure, was amended in December 2009[1] to provide as follows:

**(a) Amendments Before Trial**

---

[1]Rule 15(a) which became effective in December 2009 applies retrospectively to this claim. In fact, with respect to the 2009 amendment of Rule 15 the Supreme Court, as authorized by the Enabling Act, 28 U.S.C. §2074, spoke directing to this issue of retrospective application of the rule in a way that contradicts Snyder's claims, stating that "insofar as just and practicable, [the amended rules should apply to] all proceedings then pending." This unambiguous language, in turn, is consistent with case law, which provides that, with respect to retrospective application of these rules of civil procedure: "Most courts . . . have held that [an] amendment should normally operate retrospectively.  See Woods v. Indiana University-Purdue University at Indianapolis, 996 F.2d 880, 886 (7th Cir.1993); Garvey v. Vaughn, 993 F.2d 776, 778, 783 n. 17 (11th Cir.1993); Skoczylas v. Federal Bureau of Prisons, 961 F.2d 543, 545-46 (5th Cir.1992); Hill v. United States Postal Serv., 961 F.2d 153, 155-56 (11th Cir.1992); Bayer v. United States Dep't of Treasury, 956 F.2d 330, 334-35 (D.C.Cir.1992)." Lundy v. Adamar of New Jersey, Inc., 34 F.3d 1173, 1186 (3d Cir. 1994)(Becker, J., concurring and dissenting.) Thus, case law and the order of the Supreme Court both appear to expressly authorize the retrospective application of Rule 15(a) to this case.

**(1)** ***Amending as a Matter of Course.*** A party may amend its pleading once as a matter of course within:

**(A)** 21 days after serving it, or

**(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b) . . . .

**(2)** ***Other Amendments.*** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

F. R. Civ. P. Rule 15(a).

Given the plain language of the rule, in this case Ball plainly is not entitled to amend her complaint as to the sheriff's department and its employees as a matter of course under Rule 15(a) since almost two years have elapsed since these defendants filed a motion to dismiss her complaint, a period of time far beyond the 21 day limit expressly provided for by Rule 15(a).

Nor can Ball show that she should be granted discretionary leave to amend her complaint at this late date.  In this regard, while Rule 15 provides that leave to amend should be freely given when justice so requires, the district court still retains broad discretion to deny a motion to amend, Bjorgung v. Whitetail Resort, LP, 550 F.3d 263 (3d Cir. 2008); Cureton v. National Collegiate Athletic Ass'n., 252 F.3d 267 (3d Cir.

4

2001), and may deny a request:

> if the plaintiff's delay in seeking to amend is undue, motivated by bad faith, or prejudicial to the opposing party. <u>Adams</u>, 739 F.2d at 864. Delay becomes "undue," and thereby creates grounds for the district court to refuse leave, when it places an unwarranted burden on the court or when the plaintiff has had previous opportunities to amend. <u>Cureton</u>, 252 F.3d at 273 (citing <u>Adams</u>, 739 F.2d at 868; <u>Lorenz v. CSX Corp.</u>, 1 F.3d 1406, 1414 (3d Cir.1993)). Thus, our review of the question of undue delay . . . will "focus on the movant's reasons for not amending sooner," <u>Cureton</u>, 252 F.3d at 273, and we will balance these reasons against the burden of delay on the District Court. <u>Coventry v. U.S. Steel Corp.</u>, 856 F.2d 514, 520 (3d Cir.1988).

<u>Bjorgung v. Whitetail Resort, LP, supra</u>, 550 F.3d at 266.

Viewing this motion in light of these guiding benchmarks, we find that denial of this belated request to amend is fully warranted here.  In this regard, we specifically conclude that the delay in moving to amend is now "undue" since "the plaintiff has had [ample] previous opportunities to amend," <u>Bjorgung v. Whitetail Resort, LP, supra</u>, 550 F.3d at 266, which she has neglected to pursue.  Moreover, when we "focus on the movant's reasons for not amending sooner," <u>Cureton</u>, 252 F.3d at 273, as we are required to do, we find that Ball has given no reason for this delay, despite admitting in her motion that she identified these individual defendants almost three years ago.  In short, the delay, which now spans 3 years, is totally unexplained. Finally, we find that permitting this amendment at this late date would be "prejudicial to the opposing party," <u>Bjorgung v. Whitetail Resort, LP, supra</u>, 550 F.3d at 266, since

5

it would allow Ball to effectively bring otherwise time-barred claims against individual defendants almost four years after the events which give rise to this lawsuit. Indeed, adopting the course urged by Ball would be both clearly "prejudicial to the opposing party," Bjorgung v. Whitetail Resort, LP, supra, 550 F.3d at 266, and also "place[] an unwarranted burden on the court," Id., which would have to litigate these time-barred issues.

Further, because Plaintiff's proposed amendment to add claims against these individual officers  would be filed almost two years after the statute of limitations on these proposed claims would have expired[2], Ball must seek leave of court to amend her complaint pursuant to Rule 15(c), which permits a plaintiff, in limited instances, to amend a complaint "as if it had been filed at the time of the original complaint." Singletary v. Pa. Dept. of Corr., 266 F.3d 186, 189 (3d Cir. 2001).

Pursuant to its terms, Rule 15(c)(1) applies in three situations:

(1)   **When an Amendment Relates Back.** An amendment to a pleading relates back to the date of the original pleading when:

---

[2]It  is well-settled that claims brought pursuant to 42 U.S.C. § 1983 are subject to the state statute of limitations for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 266-67 (1985). In Pennsylvania, the statute of limitations for a personal injury action is two years. 42 Pa.C.S.A. § 5524. Ball's complaints against these deputies relate to events in January 2008. These statute of limitations on these claims, therefore, would have run in January of 2010.

(A)    the law provides the applicable statute of limitations allows relation back;

(B)    the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or

(C)    the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

        (i)    received such notice of the action that it will not be prejudiced in defending on the merits; and

        (ii)    knew or should have known that the action against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c).

The United States Court of Appeals for the Third Circuit has explained the application of the rule as follows:

The Rule is written in the conjunctive, and courts interpret [15(c)(1)(C)] as imposing three conditions, all of which must be met for a successful relation back of an amended complaint that seeks to substitute newly named defendants. The . . . first condition [is] that the claim against the newly named defendants must have arisen "out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading . . .. The second and third conditions are set out in [15(c)(1)(C)(I) and (ii)], respectively, and must be met "within the period

provided by Rule 4(m) for service of the summons and complaint," Fed. R. Civ. P. [15(c)(1)(C)], which is "120 days after the filing of the complaint," Fed. R. Civ. P. 4(m).  The second condition is that the newly named party must have "received such notice of the institution of the action [within the 120 day period] that the party will not be prejudiced in maintaining a defense on the merits." Fed. R. Civ. P. [15(c)(1)(C)(I)]. <u>Urrutia [v. Harrisburg County Police Dept.</u>, 91 F.3d 451, 458 (3d Cir. 1996)] states that this condition "has two requirements, notice and the absence of prejudice, each of which must be satisfied." 91 F.3d at 458. The third condition is that the newly named party must have known, or should have known, (again, within the 120 day period) that "but for a mistake" made by the plaintiff concerning the newly named party's identity, "the action would have been brought against" the newly named party in the first place. Fed. R. Civ. P. [15(c)(1)(C)(ii)].

<u>Singletary</u>, 266 F.3d at 194 (some citations omitted).  Application of this test to the case before the Court compels the conclusion that Ball has not demonstrated that Rule 15(c) permits a relation-back amendment of the complaint to add these individual defendants.

Assuming that the first condition for such an amendment is meet in that the claim against the newly named defendants arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading , it is still plain that Ball has not met the two other requirements mandated by the rule, both of which must be met "within the period provided by Rule 4(m) for service of the summons and complaint," Fed. R. Civ. P. 15(c)(1)(C), which is "120 days after the filing of the complaint," Fed. R. Civ. P. 4(m).  At the outset, Ball has not shown that

the newly named parties "received such notice of the institution of the action [within the 120 day period] that the party will not be prejudiced in maintaining a defense on the merits." Fed. R. Civ. P. [15(c)(1)(C)(I)]. This condition "has two requirements, notice and the absence of prejudice, each of which must be satisfied." Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 458 (3d Cir. 1996). Here, Ball does not demonstrate that any individual defendant had notice of her claims, and we expressly find that both defendants would be severely prejudiced by a belated joinder in this litigation more than three and one half years after this lawsuit commenced.

Finally, the third condition Ball must meet is that the newly named parties must have known, or should have known, within the 120 day period, that "but for a mistake" made by the plaintiff concerning the newly named party's identity, "the action would have been brought against" the newly named party in the first place. Fed. R. Civ. P. 15(c)(1)(C)(ii). This requirement cannot be met simply by pointing to the fact that the individual defendants were non-supervisory employees of the sheriff's department, a named defendant. Indeed, in Singletary, the court of appeals rejected such a claim. In that case, the appeals court considered whether a staff psychologist employed by the Department of Corrections who worked at SCI-Rockview could be deemed to have a sufficiently identical interest with the prison so that notice given to SCI-Rockview could be imputed to the psychologist. The court

concluded that the staff psychologist had no administrative or supervisory duties at the prison, and thus his employment alone could not serve as a sufficient basis to find an identity of interest, "because [he] was clearly not highly enough placed in the prison hierarchy for us to conclude that his interests as an employee are identical to the prison's interests." 266 F.3d at 199.  The court found that "absent other circumstances that permit the inference that notice was actually received, a non-management employee . . . does not share a sufficient nexus of interests with his or her employer so that notice given to the employer can be imputed to the employee for Rule [15(c)(1)(C)] purposes." Id. at 200.  We find that the circumstances of these putative defendants' employment compel a similar result, and compel denial of this motion to amend.

Furthermore, we conclude that Ball cannot show a "reasonable mistake of identity" which would justify granting her leave to amend pursuant to Rule 15(c)(1)(C)(ii). Ball brought this action in April 2008.  At that time she filed a global complaint, naming 19 defendants, but did not name these officers as defendants.  Ball now alleges that she identified these officers as potential defendants almost three years ago, but took no action to name them as individual defendants in this action for years.  Thus, on these facts recited by Ball herself, we find that Ball was unreasonably dilatory in failing to amend the complaint in this case for almost three years after she

states that she identified the individual defendants she now belatedly wishes to sue. This delay is unexplained, unreasonable, unjustified, unduly prejudicial to the defendants and now compels denial of this motion to amend.

### III.   <u>Recommendation</u>

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the plaintiff's Motion to Amend (Doc. 87) be DENIED.

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 17th day of November, 2011.

*<u>**S/Martin C.   Carlson**</u>*
Martin C. Carlson
United States Magistrate Judge